**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No: 4:12cv68 |
| GARY WARD et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT TORPEDO GRILL'S**
**MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Defendant The Torpedo Grill d/b/a Olivia's at the Point (the "Torpedo Grill"), and in support of its Motion for Partial Dismissal of Plaintiff's Amended Complaint filed simultaneously with this Memorandum states as follows.

## I.  SUMMARY

Plaintiff Joe Hand Promotions, Inc. ("Plaintiff" or "Joe Hand") has alleged that Torpedo Grill along with Defendants Gary Ward and Karen Ward (the "Wards") violated 47 USC §§ 553 and 605 and further committed common law conversion by "Defendants' unauthorized reception of cable service and/or unauthorized publication or use of communications" in violation of Plaintiff's rights.  Amended Complaint ¶ 1.  Joe Hand has failed to plead sufficient factual matter to state a claim for relief for conversion against Torpedo Grill.

## II.    BACKGROUND

On July 25, 2012, the Wards filed a Motion to Dismiss.  The Court granted the Wards' Motion to Dismiss, but gave Plaintiff leave to amend its Complaint.  Plaintiff filed its Amended Complaint of October 9, 2012 in which it again alleges violations 47 U.S.C. §§ 553 and 605 and a state law claim of conversion against all Defendants.  Plaintiff cannot maintain a conversion claim against the Torpedo Grill because the alleged property is intangible and undocumented and the matter is preempted by federal law.  For these reasons, Plaintiff's conversion claim against the Torpedo Grill must be dismissed.

## III.    LEGAL STANDARD

A Rule 12(b)(6) motion "test[s] the sufficiency of a complaint."  *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010) (citation omitted).  "In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint" or that are "integral to and explicitly relied on in the complaint [where] there [is] no authenticity challenge."  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc*., 637 F.3d 435, 448 (4th Cir. 2011) (quoting *Phillips v. LCI Int'l Inc*., 190 F.3d 609, 618 (4th Cir. 1999)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to relief.  *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

Dismissal "is inappropriate unless, accepting as true the well-pled facts in the complaint and viewing them in the light most favorable to the plaintiff, the plaintiff is unable to state a claim to relief." *Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011) (citation omitted).

## IV.   ANALYSIS

### 1.   Court Should Dismiss Plaintiff's Claim for Conversion.

#### A.   Plaintiff cannot maintain conversion claim based on undocumented, intangible property.

In Virginia, a party bringing a claim for conversion must allege its ownership or right to possession of the property at the time of the conversion and the defendant's wrongful exercise of dominion or control over the plaintiff's property that deprives plaintiff of possession. *Airlines Reporting Corp. v. Pishvaian,* 155 F. Supp. 2d 659, 664 (E.D. Va. 2001) (citing *Universal C.I.T. Credit Corp. v. Kaplan*, 198 Va. 67, 75 (Va. 1956). While a claim for conversion traditionally has been a means to recoup tangible property, "courts have recognized the tort of conversion in cases where intangible property rights arise from or are merged with a document." *Combined Ins. Co. of Am. v. Wiest*, 578 F. Supp. 2d 822, 835 (W.D. Va. 2008) (citing *United Leasing Corp. v. Thrift Ins. Corp.*, 247 Va. 299, 305 (Va. 1994)). Conversely, "Virginia law does not recognize causes of action for conversion of intangible property that does not arise from and is not merged with a document." *RITLabs, S.R.L. v. RITLabs, Inc.*, Case No. 1:12-cv-215. *16 (E.D. Va. Aug. 9, 2012) (citing *United Leasing Corp. v. Thrift Ins. Corp.*, 247 Va. 299, 305 (1994) ("[A] cause of action for conversion does not encompass claims for interference with undocumented intangible property rights.")).

Nowhere in its Amended Complaint does Plaintiff allege that it owns or possesses any

tangible property or any intangible property that is merged with a document, much less that the

Torpedo Grill deprived it of any possessory rights to such nonexistent property, wrongfully or

otherwise.   The broadcast at issue is intangible and not merged with a document and cannot,

therefore, be converted under state law.   Plaintiff has failed to state a claim against the Torpedo

Grill for conversion and that the Court should dismiss that claim.

### B.  Plaintiff's conversion claim is preempted by federal copyright law.

Plaintiff is attempting to turn a copyright matter controlled by Federal statute, wherein it

alleges that the Wards stole its copyrighted broadcast, into a simple conversion case.  To

determine whether a state law claim is preempted by federal copyright law, courts engage in a

two-step analysis pursuant to 17 U.S.C. § 301(a).  A state law claim is preempted if (1) the work

is "'within the scope of the subject-matter of copyright' as specified in 17 U.S.C. §§ 102, 103,"

and (2) "'the rights granted under state law'" are "equivalent to any exclusive rights within the

scope of federal copyright as set out in 17 U.S.C. § 106."  *United States ex rel. Berge v. Board of*

*Trustees of the University of Alabama*, 104 F.3d 1453, 1463 (4th Cir. 1997) (citing *Rosciszewski*

*v. Arete Assocs. Inc.*, 1 F.3d 225, 229 (4th Cir. 1993)).

In the recent matter of *East West, LLC v. Rahman*, Case No. 1:11cv1380, at *18-21 (E.D.

Va. June 5, 2012), the court considered a similar claim of conversion as it applied to a trademark

matter.   Quoting Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition* 25:9.50

(4th ed. 2012), the court described the reasoning behind preemption by stating,

> Were such a claim of "conversion" viable, it would mean that the tort of
> conversion could largely displace the [intellectual property] laws traditionally
> defining what is an infringement of patents, trademarks and copyrights.  For
> example, could a plaintiff avoid the traditional trademark infringement test of
> likelihood of confusion and instead simply claim that defendant "converted" its

Joe Hand v. Ward et al.; USDC EDVa                                      BYERS LAW GROUP
Case No. 4:12-cv 68; Torpedo Grill's Mtn Dismiss Memo          WWW.BYERSLAWGROUP.COM

Page 4 of 7

> trademark?  If so, over 100 years of trademark law would be discarded. . . . [O]ne
> cannot dispense with the carefully constructed requirements for trademark
> protection by blithely claiming that defendant "converted" some symbol of
> plaintiff which may or may not be capable of trademark protection.  Trademark
> law was specifically constructed to balance the private and public interests
> inherent in commercial symbols: the tort of conversion was not.  It is the wrong
> tool for the job.

The court concluded that "a trademark is not the sort of intangible property which can appropriately give rise to a conversion claim."  *Id*. at 20.

Like a trademark, copyright property is protected by federal statute.  *See* Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.  In *Microstrategy, Inc. v. Netsolve, Inc*., 368 F.Supp.2d 533 (E.D. Va. 2005), the court considered a matter similar to the one here.  In that case, the defendant brought a motion to dismiss the plaintiff's conversion claim on the basis that it preempted federal copyright law.  *Id*. at 534-35.  Determining that the alleged property did fall under copyright protection, the court looked to the second prong of the preemption test.  *Id*. at 535-36.  The court held that defendant satisfied the second prong by showing that the conversion claim "contain[ed] no extra element rendering it qualitatively different from the copyright claim."  *Id* at 535.  The court found that because the plaintiff claimed that the defendant converted the property to its own use and because the property was not a physical object, then it properly fell under copyright law and was, therefore, preempted.  *Id.* at 535-36.

Plaintiff's conversion claim is preempted by federal law.  Audiovisual materials, such as the one here, the UFC 116: Lesner v. Carwin Broadcast, are covered by The Copyright Act of 1976, which satisfies the first prong of the preemption test.  17 U.S.C.A. § 102(a) (2012); *EMI Entertainment World v. Priddis Music*, 505 F.Supp.2d 1217, 1219-20 (D. Utah 2007)   As in *Microstrategy*, Plaintiff's conversion claim meets the second prong of the test because it is not

Joe Hand v. Ward et al.; USDC EDVa                                                    BYERS LAW GROUP
Case No. 4:12-cv 68; Torpedo Grill's Mtn Dismiss Memo                    WWW.BYERSLAWGROUP.COM

Page 5 of 7

qualitatively different from a copyright claim.  Plaintiff claims that the Torpedo Grill converted

Plaintiff's intangible property to its own use and benefit, which is qualitatively identical to the

elements of copyright infringement.  *See Microstrategy*, at 563 ("To make out a claim for

copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) that the

defendant copied original elements of the copyrighted work or encroached upon an exclusive

right conferred by the copyright.").   By allowing Plaintiff to bring a conversion claim based

solely on the alleged theft of its non-documentary, intangible copyright material, the court would

displace the statutory standards and frameworks governing copyrights with the more lenient state

law conversion standard.  As such, Plaintiff's conversion claim is preempted by the Federal

Copyright Act of 1976 and must be dismissed.

## V.     CONCLUSION

WHEREFORE, Defendant Torpedo Grill respectfully requests that the Court issue an

order dismissing Plaintiff's conversion claim against it with prejudice on the grounds that

Plaintiff failed to properly state a claim for conversion and to provide whatever further relief the

Court deems is proper and just.

Respectfully submitted,

THE TOPEDO GRILL D/B/A OLIVIA'S AT THE
POINT,

_____/s/_____
Duncan G. Byers, Esquire
Virginia Bar No. 48146
Jeffrey D. Wilson, Esquire
Virginia Bar No. 75734
BYERS LAW GROUP
142 W York Street, Suite 910
Norfolk, VA 23510

Joe Hand v. Ward et al.; USDC EDVa                                        BYERS LAW GROUP
Case No. 4:12-cv 68; Torpedo Grill's Mtn Dismiss Memo        WWW.BYERSLAWGROUP.COM

Page 6 of 7

(757) 227-3340 Telephone
(757) 227-3341 Facsimile
admin@byerslawgroup.com
*Counsel for Defendants The Torpedo Grill, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October, 2012, the forgoing Memorandum in

Support of Defendant Torpedo Grill's Motion for Partial Dismissal of Plaintiff's Amended

Complaint was electronically filed with the Clerk of Court using the CM/ECF system, which will

send a notification of such filing (NEF) to the following:

Malik K. Cutlar, Esquire
Virginia Bar No. 47580
mcutler@pctlg.com
PCT LAW GROUP, PLLC
1725 Duke Street, Suite 240
Alexandria, Va. 22314
Telephone: (703) 881.9141
Fax: (703) 972.9153
Counsel for Plaintiff Joe Hand Promotions, Inc.


_____/s/_____
Duncan G Byers, Esquire
Virginia Bar No. 48146
Jeffrey Wilson, Esquire
Virginia Bar No. 75734
BYERS LAW GROUP
142 W York Street, Suite 910
Norfolk, VA 23510
(757) 227-3340 Telephone
(757) 227-3341 Facsimile
admin@byerslawgroup.com
*Counsel for Defendant The Torpedo Grill, Inc.*

Joe Hand v. Ward et al.; USDC EDVa                                          BYERS LAW GROUP
Case No. 4:12-cv 68; Torpedo Grill's Mtn Dismiss Memo          WWW.BYERSLAWGROUP.COM

Page 7 of 7